UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
WINDWARD BORA LLC,

                            Plaintiff,

                -against-

 

IRA THOMAS, NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD,
NEW YORK CITY PARKING VIOLATIONS
BUREAU, NEW YORK CITY TRANSIT
ADJUDICATION BUREAU,

                        Defendants.
--------------------------------------------------------------X

**REPORT AND
RECOMMENDATION**
24 CV 8823 (EK) (PCG)

**CROSS-GOLDENBERG, United States Magistrate Judge:**

On December 26, 2024, plaintiff Windward Bora LLC ("Windward Bora" or "plaintiff") commenced this action against defendants Ira Thomas ("Thomas"), the New York City Environmental Control Board ("NYCECB"), the New York City Parking Violations Bureau ("NYCPVB"), and the New York City Transit Adjudication Bureau ("NYCTAB"), seeking to foreclose on a mortgage encumbering the property located at 146-35 182nd Street, Springfield Gardens, New York 11413 (the "Subject Property"), pursuant to New York Real Property Actions and Proceedings Law, Section 1301 *et seq.* (Dkt. No. 1). It now seeks entry of default judgment against the defendants. Because plaintiff's motion for default judgment does not comply with Local Civil Rule 55.2(a)(3) as to defendant Thomas, plaintiff's complaint does not establish liability as to defendants NYCPVB and NYCTAB, and default judgment against NYCECB alone would be premature, the Court respectfully recommends that plaintiff's motion be denied as explained below.

1

STATEMENT OF FACTS

Plaintiff Windward Bora alleges that it is a single member limited liability company, whose sole member is domiciled in the state of Florida.  (Compl. ¶ 2).[1]  The Complaint alleges that defendant Ira Thomas, the borrower of the loan and mortgagor under the Mortgage, is a citizen of the State of New York, residing at 146-35 182nd Street, Springfield Gardens, N.Y. 11413 or 1135 Bergen Avenue, Brooklyn, N.Y. 11234.  (Id. ¶ 3).  The remaining defendants are alleged to be administrative tribunals of the City of New York, and necessary parties having an interest in or liens upon the Subject Property that are subordinate to plaintiff's Mortgage.  (Id. ¶¶ 4-7).[2]

According to the Complaint, on November 15, 2005, defendant Ira Thomas executed a Note and Mortgage in the amount of $86,000 to Aames Funding Corporation DBA Aames Home Loan ("Aames"), secured by the Subject Property.  (Id. ¶ 10, Ex. B).  The Mortgage was recorded in the Queens County Clerk's Office on December 22, 2005 (CRFN: 2005000703627) (the "Mortgage").  (Id., Ex. B).  The Mortgage was thereafter assigned to plaintiff through a series of assignments.  (Id. ¶ 13).  First, it was assigned to American Servicing and Recovery Group, LLC by an Assignment of Mortgage, dated November 23, 2005; then it was reassigned on June 7, 2017 to DBI/ASG Mortgage Holdings, a Delaware LLC; and then finally assigned to plaintiff Windward Bora on October 2, 2017.  (Id., Ex. E).  On or about August 31, 2023, defendant Thomas entered into a Loan Modification Agreement, in which the new principal balance was modified to $195,000.00.  (Id. ¶ 12, Ex. D).  Plaintiff alleges that it is in physical possession of

---

[1] Citations to "Compl." refer to plaintiff's Complaint filed December 26, 2024.  (Dkt. No. 1).
[2] For purposes of determining diversity jurisdiction, under 28 U.S.C. § 1391, plaintiff, as an LLC whose sole member is domiciled in Florida, is a Florida citizen and therefore diverse from all the defendants who are citizens of New York.  (See Compl. ¶ 8).  Given plaintiff's allegation that the amount in controversy exceeds $75,000, the Court has jurisdiction to consider the action.  Id.

the Note and Mortgage, and because it is the owner and holder of the Note and Mortgage, it has, or it has been delegated, the authority to institute a mortgage foreclosure action. (Id. ¶ 15).

According to plaintiff, defendant Thomas failed to comply with the terms of the Mortgage by failing to make the monthly payment that was due on December 1, 2023, and he has continued to default on his payment obligations since then. (Id. ¶¶ 16, 19). Plaintiff further alleges that it has complied with all of its contractual obligations, including serving defendant with a 90-day notice to cure, and complying with all of the provisions of sections 1304 and 1306 of the Real Property Actions and Proceedings Law ("RPAPL"), and Sections 595a and 6-1 of the Banking Law. (Id. ¶¶ 17, 18, Ex. F).

Plaintiff asserts that due to the default, defendant owes the unpaid principal amount due under the Note as modified, together with all accrued and unpaid interest, late charges, and other fees and costs permitted by the Note, the Mortgage, and the Loan Modification Agreement. (Id. ¶ 20(a)). Plaintiff also seeks attorneys' fees and costs and any and all additional fees that are due or become payable under the Note and the Mortgage. (Id. ¶¶ 20(b), (c)). The Complaint further seeks various conditions to be imposed should the action proceed to a judgment of foreclosure and sale. (Id. ¶ 21(a)-(g)).

DISCUSSION

When defendants failed to file an Answer or otherwise respond to the Complaint, plaintiff obtained a default from the Clerk of Court and filed the instant motion for default judgment. See Dkt. Nos. 14 (Entry of Default), 15 (Motion for Default Judgement). For the reasons stated below, the Court respectfully recommends that plaintiff's motion be denied.

I.    Legal Standard

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Rule 55 sets forth a two-step process for an entry of default judgment. See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95–96 (2d Cir. 1993). First, the Clerk of the Court automatically enters the default pursuant to Rule 55(a) by notation of the party's default on the Clerk's record of the case. See id. Second, after the Clerk of the Court enters default against a party, if that party fails to appear or otherwise move to set aside the default pursuant to Rule 55(c), the court may enter default judgment. See Fed. R. Civ. P. 55(c).

When a defendant defaults, the defendant is deemed to have admitted every well-pleaded allegation of the complaint, "except those relating to damages." See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981); Wing v. E. River Chinese Rest., 884 F. Supp. 663, 669 (E.D.N.Y. 1995); see also Hernandez Gomez v. 4 Runners, Inc., 769 F. App'x 1, 2 (2d Cir. 2019) (summary order). The Court, however, must review the allegations in the complaint to determine if the elements of each claim have been adequately pleaded. See Allstate Ins. Co. v. Tapper, No. 14-CV-5410, 2015 WL 6869702, at *2 (E.D.N.Y. Nov. 9, 2015).

In determining whether a default judgment should be entered, the Second Circuit has cautioned that a default judgment is an extreme remedy that "must remain a weapon of last, rather than first, resort." Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981). While the Second Circuit has recognized the "push on a trial court to dispose of cases that, in disregard of the rules, are not processed expeditiously [and] . . . delay and clog its calendar," it has held that the district court must balance that interest with its responsibility to "[afford] litigants a reasonable chance

4

to be heard." <u>Enron Oil Corp.</u>, 10 F.3d at 95–96.  Thus, in light of the "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored," and doubts should be resolved in favor of the defaulting party.  <u>Id.</u>  Accordingly, plaintiff is not entitled to a default judgment as a matter of right simply because the defendants are in default.  <u>See</u> <u>Erwin DeMarino Trucking Co. v. Jackson</u>, 838 F. Supp. 160, 162 (S.D.N.Y. 1993) (noting that courts must "supervise default judgments with extreme care to avoid miscarriages of justice").  The court has significant discretion and may consider a number of factors in deciding whether to grant a default judgment.

In addition to following the Federal Rules of Civil Procedure, parties requesting default judgment must also follow the Local Civil Rules of the District where default judgment is sought.  Local Civil Rule 55.2(a) sets out specific procedures for parties seeking default judgment.  Parties must file documents in support of their request for default judgment, including an "affidavit or declaration" and, if proceeding by motion, "a memorandum of law [and] a proposed order detailing the proposed judgment to be entered."  L.R. 55.2(a)(1)-(3).   Parties must also file "a certificate of service stating that all documents in support of the request for default judgment . . . have been personally served on, or mailed to the last known residence (for an individual defendant) . . . of, the party against whom default judgment is sought."  L.R. 55.2(a)(3).  Failure to comply with Local Civil Rule 55.2 is basis to deny a motion for default judgment. <u>See</u> <u>Baghwat v. Queens Carpet Mall, Inc.</u>, 2015 WL 13738456, at *1 (E.D.N.Y. Nov. 24, 2015) ("[A] motion for default judgment will not be granted unless the party making that motion adheres to certain local and individual rules."); <u>United States v. Hamilton</u>, No. 18- CV-2011, 2019 WL 6830318, at *3 (E.D.N.Y. Nov. 26 2019) (denying motion for default judgment

because plaintiff failed to follow Local Rule 55.2(c)) (collecting cases), <u>report and recommendation adopted</u>, 2019 WL 6828276, at *1 (Dec. 13, 2019).

II.    <u>Plaintiff Failed to Comply with Local Civil Rule 55.2(a)(3) as to Defendant Thomas</u>

The Court respectfully recommends that plaintiff's motion for a default judgment against Thomas be denied for failure to comply with Local Civil Rule 55.2(a)(3).

As a preliminary matter, the Court notes that plaintiff alleges that Thomas "is a resident and citizen of the State of New York, having an address at 146-35 182nd Street, Springfield Gardens, NY 11413 or 1135 Bergen Avenue, Brooklyn, NY 11234." (Compl. ¶ 3).  The Subject Property is located at 146-35 182nd Street, Springfield Gardens, NY 11413.  Plaintiff did not cite documentation to substantiate Thomas's second address included in its complaint.  It appears from plaintiff's other filings that Thomas's alternate address is 1136 Bergen Avenue, Brooklyn, NY 11234.  Plaintiff addressed the notice of default on the mortgage to Ira Thomas at the Subject Property and at 1136 Bergen Ave, Brooklyn, NY 11234.  (Notice of Default, Dkt. No. 1-1, Ex. F).  On March 11, 2025, plaintiff's process server affixed a copy of the complaint and the 1303 Notice – Help for Homeowners in Foreclosure to the door at 1136 Bergen Avenue Apt 1, Brooklyn, NY 11234 and affirmed in his affidavit that this is "defendant's place of residence within the state."  (Aff. of Service, Dkt. No. 12) (alteration omitted).  The process server also affirmed that he "spoke with tenants on ground floor of premises, who stated to deponent that said Defendant(s) lived there. . . ."  (Id.) (alterations omitted).  Apart from affixing a copy of these documents to the door of 1136 Bergen Avenue, Apt. 1, the process server also mailed copies to the same address by First Class Mail, on March 14, 2025.  (Id.).  The process server's Affidavit indicates that prior to March 11, 2025, he had made four prior attempts to serve defendant Thomas in person on January 25, 2025, February 22, 2025, March 5, 2025, and March

6

6, 2025, but was unable to find defendant or a person of suitable age and discretion to serve personally.  (Id.).  For the purposes of this motion, the Court treats the inclusion of 1135 Bergen Avenue in the complaint as a scrivener's error and considers 1136 Bergen Avenue Thomas's last known address.  Whichever address is his correct last known address, plaintiffs have failed to comply with Rule 55.2(a)(3).

Here, plaintiff's motion for default judgment and supporting papers, including a Declaration of Regularity (Dkt. No. 15-1), Memorandum of Law (Dkt. No 15-2), and Proposed Judgment of Foreclosure and Sale (Dkt. No. 15-3), were mailed to defendant Ira Thomas at 146-35 182nd Street, i.e., at the Subject Property.  (See Aff. of Service, Dkt. No. 15-9).  But plaintiff alleged that defendant Thomas resides at *either* the Subject Property *or* the Bergen Avenue address.  The process server who served Thomas with plaintiff's summons and complaint affirmed that the Bergen Avenue address was defendant Thomas's "place of residence."  (See Compl., ¶3; Aff. of Service, Dkt. No. 12).  Thus, by only mailing the motion for default judgment and the supporting documents to the Subject Property address, plaintiff failed to serve "all documents in support of the request for default judgment" on defendant Thomas at his "last known residence" as required under Rule 55.2(a)(3).[3]  The Court also observes that plaintiff was ordered to serve the Court's Order dated October 21, 2025 on defendants, and that plaintiff again only served the Order on defendant Thomas at the Subject Property.  In light of the failures to

---

[3] As an aside, should it be plaintiff's position that defendant Thomas in fact resides at the Subject Property, then the Court must recommend that plaintiff's motion for default judgment be denied for lack of service.  Under Rule 4 of the Federal Rules of Civil Procedure, service may be effectuated by "following state law for serving a summons." Fed. R. Civ. P. 4(e)(1).  Under New York law, service may be effectuated "by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by . . . mailing the summons to such person at his or her last known residence." N.Y.C.P.L.R. §308.4.  Plaintiff's process server affixed an envelope with the summons and complaint to the Bergen Avenue address only.  (See Aff. of Service, Dkt. 12).  If the Subject Property was defendant Thomas's "dwelling place or usual place of abode," then plaintiff would have had to serve the summons and complaint there instead of at the Bergen Avenue address.  See Fed. R. Civ. P. 4(e)(1); N.Y.C.P.L.R. §308.4.

serve Thomas at his last known residence, the Court respectfully recommends that the motion for default judgment against him be denied without prejudice.

III.        The Motion Papers Do Not Establish Liability Against NYCPVB and NYCTAB

The Court respectfully recommends that plaintiff's motion be denied as to defendants NYCPVB and NYCTAB because plaintiff's motion papers do not establish liability against them.  Defendants NYCPVB and NYCTAB are alleged to hold a lien in the Subject Property subordinate to plaintiff's mortgage.  Under New York law, "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff" is a necessary party to a mortgage foreclosure action.  RPAPL § 1311(3).  This includes entities that hold subordinate liens and therefore only have a "nominal interest" in the property.  E. Sav. Bank, FSB v. Robinson, No. 13-CV-7308, 2016 WL 3365091, at *4 (E.D.N.Y. May 9, 2016) ("Courts regularly enter default judgments in foreclosure actions against defendants with 'nominal interests' in the relevant property, including parties holding subordinate liens or non-owner tenants" (collecting cases)), report and recommendation adopted, No. 13-CV-7308, 2016 WL 3102021 (E.D.N.Y. June 2, 2016). "When a default judgment is entered against a defendant with a 'nominal interest' in a property, any such interest in the relevant property is terminated." Robinson, 2016 WL 3365091, at *4 (citation omitted).

RPAPL imposes a heightened pleading standard "where a state or city agency is named as a defendant." Windward Bora v. Thompson, 2020 WL 1242828, at *5 (E.D.N.Y. Mar. 16, 2020) (citations omitted).  In those instances, the complaint "must allege 'detailed facts showing the particular nature of the interest in or lien on the real property and the reason for making the state or city agency a party-defendant.'" Id. (alterations omitted) (quoting RPAPL §§ 202(1), 202-a(1)).  "If the lien exists 'by virtue of a judgment,' and the defendant is a state agency, the

complaint must include 'the name of the court, date recorded, clerk's office in which filed, and names of the parties against whom and in whose favor the judgment was recorded.'" Id. (alteration omitted) (quoting RPAPL § 202(2)). "If the defendant is a city agency, the complaint must include that same information, as well as 'a brief description of the grounds for or the nature of such judgment.'" Id. (quoting RPAPL § 202-a(2)). See also JXB 84 LLC v. Khalil, 15-CV-6251, 2017 WL 1184001, at *4–5 (E.D.N.Y. Feb. 17, 2017), report and recommendation adopted, 2017 WL 1184141 (E.D.N.Y. Mar. 29, 2017) (granting default judgment against a city agency where plaintiff included documentation identifying the liens, and recommending that the motion for default judgment be denied and the claim dismissed against a different city agency, where plaintiff failed to support its assertion that the defendant may have an interest in or lien upon the subject property).

Plaintiff alleges that NYCTAB and NYCPVB are necessary parties to this action "by virtue of having filed lien(s) or judgment(s) against the borrower and/or Subject Property, which are subordinate for Plaintiff's Mortgage." (Compl. ¶¶ 5-6). To support its allegations as to default judgment against NYCTAB, plaintiff included a printout of a "TAB Book" that lists transit violations of eight individuals with the name "Ira Thomas" or just "Thomas" and their addresses, none of which are the address of the Subject Property (146-35 182nd Street, Springfield Gardens) or defendant Ira Thomas's last known address (1136 Bergen Avenue, Brooklyn). (Compare Compl., Ex. G with Compl., ¶3). Moreover, each "Thomas" has a different date of birth. (Id.) Based on the documentation provided, the Court cannot ascertain whether there is in fact a judgment against defendant Ira Thomas, and as such recommends that default judgment be denied as to defendant NYCTAB, and that the claims against it be dismissed.

9

The same is true regarding defendant NYCPVB: plaintiff submitted a search result for parking violations against "IRA THOMAS."  (Compl., Ex. G).  Plaintiff submitted one search result, a judgment in the amount of $1,095 against "THOMAS IRA K" with an address of "197 Birchall Ave" in the Bronx, New York.  (Id.).  As with the TAB violations, the Court is unable to ascertain whether this judgment is in fact against defendant Ira Thomas.  Accordingly, the Court respectfully recommends that default judgment be denied as to defendant NYCPVB, and that the claims against it be dismissed.

IV.     Judgment Against NYCECB Only Would Be Premature

In light of the recommendations above, the Court also respectfully recommends that default judgment against NYCECB be denied.  Courts have held that, notwithstanding well-pleaded allegations against subordinate lienholders, default judgment may be denied when the subordinate lienholder's "rights and obligations are implicated only in the event of a foreclosure judgment against [] the current owner of the Property."  See NDF1, LLC. v. Cunningham, 754 F. Supp. 3d 273, 287 (E.D.N.Y. 2024) (citing Wells Fargo Bank, N.A. v. Watts, No. 16-CV-6919, 2019 WL 3716190, at *1 (E.D.N.Y. Jan. 3, 2019), report and recommendation adopted, 2019 WL 3714582 (E.D.N.Y. Mar. 13, 2019)).

Plaintiff alleges that NYCECB is a party to this action "because it is a judgment creditor by virtue of Environmental Control Board Violations filed against the borrower and/or property, which are subordinate to Plaintiff's Mortgage."  (Compl., ¶ 4).  To support its allegation, plaintiff attached a search for ECB violations against Ira Thomas.  (Compl., Ex. G).  Two results list the borrower's name and the Subject Property Address, and include the violation number, order date, notice date, docket date, and the balance due.  (Id.).  The Court finds that the documentation submitted by plaintiff is sufficient to meet RPAPL 202-a's heightened pleading standard.  But

10

notwithstanding plaintiff's well-pleaded allegations against NYCECB, default judgment against NYCECB is premature at this stage because the Court is recommending that judgment of foreclosure against borrower Thomas be denied. Accordingly, the Court respectfully recommends that default judgment against NYCECB be denied without prejudice, and that plaintiff be permitted to move for a default judgment against NYCECB if and when it files a renewed motion for default judgment and foreclosure against Mr. Thomas.

CONCLUSION

In light of the foregoing, the Court respectfully recommends that plaintiff's motion for default judgment and judgment of foreclosure and sale against all defendants be denied as follows: the motion for default judgment against Ira Thomas and NYCECB be denied without prejudice to renew and the motion for default judgment against NYCPVB and NYCTAB be denied and the claims against them be dismissed.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the district court's order. See, e.g., Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

Plaintiff is Ordered to serve a copy of this Report and Recommendations on defendant at his last known address promptly via overnight delivery or courier and file proof of service immediately thereafter.

**SO ORDERED.**

Dated: February 26, 2026
    Brooklyn, New York

11

/s/ Peggy Cross-Goldenberg

PPEGGY CROSS-GOLDENBERG
United States Magistrate Judge
Eastern District of New York